**BROWN KWON & LAM LLP**

Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
Email: info@bkllawyers.com

Writer's Direct: wbrown@bkllawyers.com
(212) 295-5827

**Via ECF**                                                                 June 6, 2023

The Honorable Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214
Brooklyn, New York 11201

      Re:   *Burton, et al. v. Andy Frain Services, Inc.*
             Case No.: 1:22-cv-4968

Dear Judge Scanlon,

      This firm represents the Plaintiffs Willie Burton, David Joseph, Scott Vaden, and Hollee Warrior (collectively "Plaintiffs") in the above-referenced matter. We write to respectfully submit the parties' Settlement Agreement, attached hereto as **Exhibit A**, for judicial approval and subsequent dismissal of the matter with prejudice pursuant to *Cheeks*. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The Settlement Agreement resolves Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for the total amount of $44,000.00. As part of this motion, Plaintiffs' counsel requests one-third (1/3) in attorneys' fees ($14,432.66) plus costs ($702.00) from the total settlement amount. For the reasons outlined below, the Court should approve this $44,000.00 settlement as a fair and reasonable compromise of Plaintiffs' claims against Defendant.

## BACKGROUND

      On August 22, 2022, Plaintiffs filed the above-referenced matter as a class and collective action alleging Defendant failed to compensate Plaintiffs, and other non-exempt employees who worked for Defendant, their proper wages, including their regular and overtime wages, and for taking improper wage deductions in violation of the Fair Labor Standards Act, as amended ("FLSA") and the New York Labor Law ("NYLL"). Defendant answered on November 1, 2022. By Order dated February 5, 2023, the parties were referred to mediation through the Court-annexed mediation program. A mediation session was held with mediator Patrick "Michael" McKenna on April 11, 2023, during which the parties reached a settlement.

## THE SETTLEMENT IS FAIR AND REASONABLE

      Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "Generally, there is a strong presumption in favor of finding

a settlement fair, as the court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). "Because *Cheeks* itself did not define the contours of the approval analysis or protocols it envisioned, most district courts within our Circuit turn to the multi-factor test set out in *Wolinsky* to evaluate whether an FLSA wage and hour settlement is fair and reasonable." *Cabrera v. CBS Corp*., No. 17 Civ. 6011, 2019 US Dist LEXIS 20963, at *13 (S.D.N.Y. Feb. 8, 2019) (internal quotation marks omitted).

Accordingly, in determining whether a proposed FLSA settlement is fair and reasonable, courts consider the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335. Based on these factors, the proposed settlement should be approved as fair and reasonable

A.  Plaintiffs' Range of Possible Recovery

The first factor weighs in favor of approval. Based on estimated damages calculations, Plaintiffs' range of possible recovery was, collectively, between $0 and $69.928.00. In a best-case scenario, assuming that all of the disputed facts alleged by Plaintiffs are entirely correct and that Plaintiffs would prevail on all claims, Plaintiffs' calculation of damages amounts to $69,928.00, representing $21,314.00 in unpaid wages and improper wage deductions, $21,314.00 in liquidated damages, and $27,300.00 in statutory damages pursuant to the Wage and Theft Prevention Act ("WTPA"). See **Exhibit B** for Plaintiffs' assumptions and calculation of damages.

After deducting attorneys' fees and costs, the $44,000.00 settlement amount is approximately 41% of Plaintiffs' best-case, owed wages, including any liquidated damages and statutory penalties. Comparatively, the $44,000.00 settlement amount, after deducting attorney's fees and costs is more than 135% of Plaintiffs' best-case, owed wages, not including any liquidated damages or statutory penalties. As such, this is a significant recovery based on Plaintiffs' best-case scenario. Moreover, each Plaintiff, individually, is receiving at least 113% of their best-case owed unpaid wages.

B.  Litigation Costs and Risks

The second and third factors also favor approval. As the parties are in the early stages of litigation, having settled during Court-annexed E.D.N.Y. Mediation, if the Parties were to continue with litigation, the Parties would have to serve and respond to formal discovery requests, conduct depositions, and engage in extensive motion practice.

Here, despite significant risks for Plaintiffs, Defendant is willing to settle for over 41% of Plaintiffs' best-case recovery, and more than each of the Plaintiffs' alleged best-case unpaid wages, including improper wage deductions. Defendant maintains that Plaintiffs were at all times paid properly for all hours worked and denies all allegations in the Complaint. Defendant asserts that all of the Plaintiffs were independent contractors and not employees, and therefore are not entitled to damages under either the FLSA or NYLL. Plaintiffs bear significant risk in this respect as the

allegations involve a temporary work arrangement in which Plaintiffs worked as security guards for the U.S. Open golf and tennis tournaments for a period of approximately five weeks. The fact that Plaintiffs did not work for Defendants for an indefinite period of time is one of the factors that weighs against employee status. With respect to wage deductions, Defendant asserts that the deduction were proper as they were the result of an overpayment. Defendant has also provided pay and time records. Furthermore, even if they prevail on the above-mentioned issues, Plaintiffs bear a significant risk that their recovery would be significantly reduced.

For the foregoing reasons, the Parties believe that the settlement amount is fair and reasonable. Plaintiffs are receiving a significant recovery of their alleged damages without the burden of further litigation and trial. As the parties are still in the preliminary stages of litigation, without having completed formal discovery and depositions, the parties believe that the settlement is fair and reasonable so as to avoid the anticipated burden and expense of further discovery.

C. <u>Arm's-Length Bargaining and Lack of Fraud or Collusion</u>

The fourth and fifth factors also weigh in favor of approval. Plaintiffs' counsel and Defendant's counsel negotiated at arm's length with the assistance of a highly experienced E.D.N.Y. panel mediator. In addition, both parties' counsel have significant experience handling wage and hour claims.

Further, the red-flag issues identified in *Cheeks* are not present here. *Cheeks*, 796 F.3d at 206; *Gurung v. White Way Threading LLC,* 226 F. Supp. 3d 226, 228 (S.D.N.Y. Dec. 8, 2016). The Agreement does <u>not</u> contain an overly broad general release, or a confidentiality or non-disparagement provision. See **Exhibit A**. Counsel for Plaintiffs also only seek attorney's fees of one-third, which is typical of FLSA cases. *Cheeks*, 796 F.3d at 206.

## **THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE**

Plaintiffs further seeks approval of attorneys' fees and costs. The Agreement provides that Plaintiffs' counsel will recover $14,432.66, or one-third of the total settlement amount after the deduction of costs, plus $702.10 for the reimbursement of actual litigation costs. See **Exhibit A**, Section 1.a. The amount requested for attorneys' fees is fair and reasonable as it is the fee agreed upon by Plaintiffs in their retainer agreements (one-third), and a contingency fee of one-third is generally sufficient to account for the risks associated with representation.

Plaintiffs' counsel has worked without any compensation to date, and Plaintiffs' counsel's fees have been wholly contingent upon the result achieved. As of the date of this filing, Plaintiffs' counsel has spent approximately 39 hours investigating, researching, and litigating Plaintiffs' claims; and negotiating and executing the settlement, for a lodestar of $15,600.00. See **Exhibit C** for Plaintiff's counsel's contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done, and an itemization of costs. *See Wolinsky*, 900 F. Supp. at 336.

Plaintiffs' counsel's request for attorneys' fees in the amount of one-third of the settlement amount is fair and reasonable. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, at *5 (S.D.N.Y. Dec. 14, 2015); *see also Ramirez v. Greenside Corp.*, No. 16 Civ. 726, 2017 U.S. Dist. LEXIS 30527, at *9 (S.D.N.Y. Mar. 3, 2017) (stating "contingency

3

fees of one-third in FLSA cases are routinely approved in this Circuit"); *Leon v. Univ. 45 Fruit & Vegetable Corp.*, No. 19 Civ. 8266, 2020 U.S. Dist. LEXIS 48716, at *5 (S.D.N.Y. Mar. 20, 2020) (finding the amount of the fee award reasonable where "the attorneys' fees amount is approximately 33% of the [ ] settlement amount after costs").

Lastly, Plaintiff's counsel expended $702.00 on the ECF filing fee and mediation fee. (See, **Exhibit C**) This cost is commonly reimbursed by courts in this District. *See e.g.*, *Chamoro v. 293 3rd Cafe Inc.*, No. 16 Civ. 339, 2016 U.S. Dist. LEXIS 136101, at *9-10 (S.D.N.Y. Sep. 30, 2016) (holding that court filing fees, service of process, costs of mailing, legal research, and other litigation costs are generally recoverable). As such, Plaintiff's counsel's attorneys' fees and costs are fair and reasonable and should be approved by the Court.

*     *     *

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the attached settlement agreement.

We thank the Court for its time and consideration.

Sincerely,

/s/ *William Brown*

William Brown, Esq.
wbrown@bkllawyers.com

cc: all parties via ECF